UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEE JIMENEZ AND<br>MARYANA GLAS, AND ALL OTHER<br>SIMILARLY SITUATED INDIVIDUALS, | : <br>: <br>: <br>: | CIV. ACTION NO.: |
| Plaintiffs, | : <br>: <br>: <br>: | |
| V. | : <br>: | |
| GEICO INDEMNITY COMPANY, | : <br>: | |
| Defendant. | : | JUNE 10, 2019 |

## CLASS ACTION COMPLAINT

**I.     GENERAL ALLEGATIONS.**

1. Plaintiff Jose Jimenez and Plaintiff Maryana Glass (collectively, "Plaintiffs") are residents of Connecticut who reside at 375 Greenwich Avenue, New Haven, Connecticut 06519-2605.

2. The defendant, GEICO Indemnity Company ("Defendant" or "GEICO") is an insurance company registered to do business in the State of Connecticut, domiciled in Maryland, and with a principal place of business located at One Geico Plaza, Washington, DC 20076-0001. GEICO is not a citizen of the State of Connecticut.

3. On or about March 24, 2017, Plaintiffs purchased and Defendant issued to them a policy of insurance (the "Policy") for the period from March 24, 2017 to September 24, 2017, Policy No. 4415-25-30-30, providing automobile insurance coverage for a 2013 Honda Accord, VIN # 1HGCR2F7XDA255047 (the "Vehicle").

4. The Policy provided coverage for loss or damage to the Vehicle, subject to a $500 deductible.

5. On or about May 21, 2017, the Vehicle was stolen, and when it was recovered on

1

or about July 27, 2017, it was rendered a total loss by Defendant.

6. Notwithstanding the fact that the total loss of the Vehicle was covered under the Policy, Defendant has failed and refused to compensate Plaintiffs as it is obligated to do under the Policy. With respect to Plaintiffs, individually, the amount in controversy in this case, including actual damages, reasonable attorneys' fees, and statutory and/or common law punitive damages exceeds $75,000.00. With respect to the putative class, the amount in controversy exceeds $5,000,000.00.

## II. CLASS ACTION ALLEGATIONS.

7. Plaintiffs bring this action, for breach of contract, bad faith, and violation of the *Connecticut Unfair Trade Practices Act*, *Conn. Gen. Stat.* § 42-110a *et seq.* ("*CUTPA*"), for GEICO's engagement in unfair settlement practices under the *Connecticut Unfair Insurance Practices Act*, *Conn. Gen. Stat.* § 38a-815 *et seq.* on their own behalf and on behalf of other members of a class of similarly situated individuals.

8. The class Plaintiffs seek to represent consists of residents of Connecticut who paid GEICO for automobile theft and/or arson coverage pursuant to policies of insurance but were denied coverage for same without any valid reason and/or without articulation by GEICO of the reason for denial from the period of time from June 11, 2016 to the present date.

9. There are questions of law and of fact that are common to the class, including without limitation, the following: (1) whether GEICO employed a policy and practice of denying theft and/or arson claims without articulating to the members of the class the specific reasons therefor; (2) whether GEICO employed a policy of bias against certain policyholders against coverage for such claims; (3) whether GEICO ignored clear, corroborated factual evidence in favor of coverage, and relied on scant, circumstantial, and self-serving evidence against coverage in issuing denials to members of the class; (4) whether GEICO employed a biased policy and practice against coverage for such claims submitted by members of the class; (5) whether GEICO employed a policy and practice of racial, ethnic and/or economic bias in evaluating its

claims; (6) whether GEICO's policy of denying claims without specific articulation of the reasons was used to preserve its ability to engage in *ex post facto* claims handling if and/or when such claims were challenged; (7) whether GEICO had a policy of placing its own financial interests ahead of its policyholders' interests in evaluating claims; (8) whether GEICO failed to properly investigate claims prior to issuing its denial, thereafter only conducting proper investigations when claims denials were challenged and (9) whether GEICO employed a policy of denying 30% to 50% of such claims with little or no supporting evidence for such denials. Such common questions of fact predominate over any individual questions, and a class action is superior to any other method for fairly and efficiently adjudicating the claims herein. In addition, the issues and policies of GEICO as set forth above and below apply generally to the class, such that the final injunctive relief requested and/or any declaratory relief would apply to the class as a whole.

10. Plaintiffs' claims are typical to the members of the class, as the class is comprised of individuals who were the victim of the above-referenced policies and practices of GEICO. Upon information and belief, the class is so numerous that joinder of all of the members of the class would be impracticable. Upon information and belief the number of class members is far in excess of 100.

11. Plaintiffs will fairly and adequately protect the interests of the class, and their counsel is well-versed in litigating class actions, with almost 20 years of litigation experience, including but not limited to representing clients in defending class actions in federal and state courts within the country.

12. This action is maintainable as a class action pursuant to *Fed R. Civ. P.* 23(b) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

FIRST COUNT: (Breach of Contract)

13. Plaintiffs hereby incorporate by reference paragraphs 1 through 12 above as if said allegations were set forth in full in this First Count.

14. Defendant's failure to compensate Plaintiffs for the total loss of the Vehicle constitutes a breach of contract, and Defendant's failure to compensate similarly situated

individuals under the same or similar circumstances also constitutes a breach of contract.

15. Defendant has ignored all competent, plausible evidence showing that the loss is valid, and Defendant has utterly failed to live up to its agreement with Plaintiffs and other similarly situated individuals to provide the coverage for which they bargained and paid.

16. Plaintiffs and other similarly situated individuals have incurred damages as a result of Defendant's breach of contract.

SECOND COUNT: (Bad Faith)

17. Plaintiffs hereby incorporate by reference paragraphs 1 through 12 above as though said allegations were set forth in full in this Second Count.

18. The Policy and all policies issued to similarly situated individuals contained an implied covenant of good faith and fair dealing requiring Defendant to act in good faith towards its insured with respect to evaluating coverage issues with Plaintiffs and communicating with Plaintiffs regarding its decision with respect to providing coverage under the Policy.

19. Defendant breached the aforementioned implied covenant of good faith and fair dealing in one or more of the following ways:

(a) Failing to pay for the total loss of the Vehicle when it knew or should have known that the loss was covered under the Policy;

(b) Failing to articulate and communicate to Plaintiffs with specificity the reasons it denied coverage under the Policy, despite request that it do so, until May 16, 2019 (a year and half after it was requested) and when compelled by litigation that required a deposition of a GEICO representative out-of-state at great cost to Plaintiffs;

(c) Denying coverage for the loss of the Vehicle under the Policy based on the national origin of Plaintiffs or upon their ethnicity or economic status;

4

(d)     Accepting as truthful questionable hearsay evidence from questionable sources without verifying the veracity and accuracy of the evidence, instead of accepting the sworn testimony of its policyholders and other witnesses as to the facts relating to the subject incident;

(e)     Failing timely to articulate and communicate to Plaintiffs the reasons it denied coverage under the Policy, despite multiple demands and obligations to do so, and then disclosing the flawed reasoning behind its coverage denial one and a half years after a request for it in an exercise of *ex post facto* claims handling;

(f)     Maintaining a policy and practice of denying claims without providing specific reasons and facts for said denials to its insureds across its entire automobile theft and fire loss line of business;

(g)     Failing to articulate and communicate to Plaintiffs the reasons it denied coverage under the Policy unless and until Plaintiffs filed a lawsuit and GEICO was compelled to do so through the litigation process – specifically, a deposition of a GEICO corporate representative;

(h)     Instructing its counsel to misrepresent and/or ratifying its counsel's misrepresentations of facts to the Court regarding its corporate representative designees in order to attempt to conceal the facts of its egregious conduct as set forth above;

(i)     Concealing the true reasons for its denial until the eleventh hour before trial, so that it could adversely affect Plaintiffs' ability to obtain an expert to refute GEICO's claim that any and all vehicles with a proximity ignition system cannot be stolen without the owners' original keys, a fact that is universally known to be untrue and should be known by GEICO; and

(j) Engaging in a policy of not providing insureds like Plaintiffs with specific reasons for denial of claims so that it could engage in *ex post facto* claims handling practices if and/or when insureds challenged GEICO's denial of a particular claim.

20. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs had incurred damage. GEICO's policies and practices as set forth above have also caused individuals within the class identified above damage.

THIRD COUNT: (CUTPA/CUIPA)

21. Plaintiffs hereby incorporate by reference paragraphs 1 through 12 above as though said allegations were set forth in full in this Third Count.

22. Defendant violated the *Connecticut Unfair Trade Practices Act*, Conn. Gen. Stat. § 42-110a et seq. ("*CUTPA*") by engaging in unfair settlement practices under the *Connecticut Unfair Insurance Practices Act*, Conn. Gen. Stat. § 38a-815 et seq., including but not limited to the following:

(a) Failing to acknowledge and act with reasonable promptness upon communication from insureds regarding claims arising under insurance policies, including but not limited to failing to respond with reasonable promptness to Plaintiffs' communications regarding the specific reasons for Defendant's denial of coverage for the loss of the Vehicle, including but not limited to failing to articulate to Plaintiffs the specific reasons for the denial of coverage until litigation was instituted and a GEICO representative was compelled to testify regarding those issues;

(b) Failing to attempt to effectuate prompt, fair, and equitable settlements of claims in which liability has become clear, including but not limited to the claim by Plaintiffs

6

for coverage for the loss of the Vehicle;

(c) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts recovered in actions by insureds, including denying coverage outright to Plaintiffs under the Policy even though the Policy requires Defendant to provide coverage for the Vehicle;

(d) Failing promptly to settle claims where liability has become reasonably clear, including but not limited to the claim submitted by Plaintiffs to Defendant;

(e) Failing promptly to provide a reasonable explanation of the basis in insurance policies in relation to the facts or applicable law for denial of claims, including but not limited to the failure to provide a reasonable explanation of the basis of the denial of Plaintiffs' claim regarding the Vehicle under the Policy;

(f) Failure to pay, as part of any claim for a damaged motor vehicle under any automobile insurance policy where the vehicle has been declared to be a constructive total loss, an amount equal to the sum of (A) the settlement amount on such vehicle plus, whenever the insurer takes title to such vehicle, (B) an amount determined by multiplying such settlement amount by a percentage equivalent to the current sales tax rate established in section 12-408;

(g) Conducting investigations of claims and denying coverage for claim in a manner inconsistent with general business practices based upon national origin, including investigating and denying the claim of the Plaintiffs for the Vehicle under the Policy based upon their national origin;

(h) Creating and maintaining a practice and policy across all automobile theft and fire claims to deny coverage and not provide any specific explanation for the

7

      reasons therefor;

(i)    Engaging in a policy of not providing insureds like Plaintiffs with specific reasons for denial of claims so that it could engage in *ex post facto* claims handling practices if and/or when insureds challenged GEICO's denial of a particular claim;

(j)    Employing a policy and practice of denying claims to certain individuals based on their ethnicity, nationality and/or economic status; and

(k)    Using coverage denials to engage in *ex post facto* claims handling and investigating and fabricating reasons for denying claims long after the denials were issued.

23.    Indeed, with respect to denials of coverage, a GEICO designated representative testified that the company's policy is to not provide insureds denied coverage for automobile theft and fire damage claims with any specific explanation relating to the denial of coverage. In fact, it took the institution of litigation in this case and an out-of-state deposition of a GEICO corporate representative for Plaintiffs to obtain an articulation of the reason their claim was denied. The representative who testified on that topic, Frank Dovi, further testified that he denies 30-50% of all claims for automobile theft and fire damage liability. Such a business practice and such numbers are absolutely a violation of *CUIPA/CUTPA*.

24.    Defendant performed the conduct alleged above, particularly with respect to Hispanics and other minorities (including those with limited economic means), and even policyholders, in general, with such frequency as to constitute a general business practice that is discriminatory and otherwise unlawful.

25.    The conduct set forth above is immoral, oppressive, and unscrupulous, offends public policy, and causes substantial injury to consumers, including Plaintiffs.

26. The conduct set forth above, is a violation of *CUTPA*.

27. Plaintiffs have been damaged by the aforementioned conduct of Defendant.

WHEREFORE, Plaintiffs request the following relief:

1. Money damages (all counts);

2. Attorneys' fees (Third Count);

3. Punitive damages (Second and Third Counts);

4. Costs;

5. Injunctive relief, which should include a declaration of GEICO's unlawful business practices, injunctive relief prohibiting such practices, the suspension of GEICO's ability to conduct business and write insurance in Connecticut for a specific period of time and upon conditions to be determined by the Court, and a referral to the Insurance Commissioner for unlawful business practices (Third Count); and

6. Any other relief the Court deems just and/or equitable.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

PLAINTIFFS,
JOSE JIMINEZ & MARYANA GLASS

BY_____
William E. Murray, Esq. (ct19717)
Law Offices of William E. Murray, LLC
998 Farmington Avenue, Suite 102LL
West Hartford, CT 06107
Phone: (860) 969-0619
Fax: (860) 969-0554
Email: bill@billmurraylegal.com