**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

JIMENEZ ET AL.,
    *Plaintiffs*,

v.

GEICO INDEMNITY CO.,
    *Defendant*.

No. 3:19-cv-00897 (MPS)

**RULING ON RULE 41(D) MOTION**

**I.    BACKGROUND**

On December 4, 2017, Plaintiffs Jose Jimenez and Maryana Glas ("Plaintiffs") filed an action against GEICO in New Haven Superior Court ("State Court Action"). ECF No. 27-1 ("Lerman Decl.") ¶ 4; ECF No. 27-2 at 2. Plaintiffs were represented by the same counsel as in this action, Attorney William E. Murray, and the Complaint in the State Court Action alleged the same causes of action alleged here: breach of contract, bad faith, and violations of CUTPA/CUIPA, all related to GEICO's alleged failure to compensate Plaintiffs for the loss of their 2013 Honda Accord. Lerman Decl. ¶ 4; ECF No. 33-1 ("Murray Decl.") ¶ 1. A bench trial was scheduled in the State Court Action for June 6, 2019. Lerman Decl. ¶ 6. On June 5, 2019—on the eve of trial and a year and a half after the commencement of the suit—Plaintiffs voluntarily withdrew the State Court Action. Lerman Decl. ¶ 6; ECF No. 27-2 at 4. On June 10, 2019, Plaintiffs initiated the present action by filing a complaint alleging the same three causes of action—breach of contract, bad faith, and violations of CUTPA/CUIPA – and based, again, on GEICO's alleged failure to compensate Plaintiffs for the loss of their 2013 Honda Accord. ECF No. 1. The newly filed complaint also added class action allegations on behalf of a class of all "citizens of Connecticut who paid GEICO for automobile theft and/or arson coverage pursuant to

policies of insurance but were denied coverage for same without any valid reason and/or without articulation by GEICO of the reason for denial from the period of time from June 11, 2016 to the present date." ECF No. 1 at ¶ 8. GEICO filed the present Rule 41(d) motion for costs and fees on September 16, 2019. ECF No. 17. The Court held a telephonic status conference to hear argument on the motion on October 8, 2019, during which it ordered the case stayed pending the resolution of GEICO's Rule 41(d) motion. ECF No. 25. GEICO filed an affidavit documenting its costs in the State Court Action on October 29, 2019, ECF No. 27, and Plaintiffs filed an opposition on November 26, 2019, ECF No. 33.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Accordingly, when a plaintiff voluntarily dismisses an action in state court and subsequently files a second federal action asserting claims that "depend on the same core showing" as the claims in the initial action, a court may grant the relief prescribed in Rule 41(d). *See Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 23-24 (2d Cir. 2018).

When determining if a second action is "based on or include[s] the same claim against the same defendant," courts may look to whether the second suit is "predicated on the same facts." *Ramirez v. iBasis, Inc.*, 2010 WL 1223589, at *3 (E.D.N.Y. Mar. 24, 2010) (citing *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 343-44 (S.D.N.Y. 2009)). The fact that two actions involve different theories of recovery or distinct forms of relief "is not dispositive for Rule 41(d)." *Horowitz*, 888 F.3d at 23-24.

When awarding costs, the Court may take into consideration a plaintiff's motives in dismissing a prior action. *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998); *Zucker v. Katz*, 708 F. Supp. 525, 539-40 (S.D.N.Y. 1989). "'[E]ven though a defendant need not show that a plaintiff acted in bad faith in order to recover, a district court may refuse to impose [Rule 41(d) costs] on the plaintiff if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs.'" *Ramirez*, 2010 WL 1223589, at *3 (alterations in original) (quoting *Adams*, 630 F. Supp. 2d at 343); *Zucker*, 708 F. Supp. at 539. "Rule 41(d)'s purpose is clear and undisputed: to serve as a deterrent to forum shopping and vexatious litigation." *Horowitz*, 888 F.3d at 25 (internal quotation marks and citation omitted). Finally, "[a]n award of costs and the issuance of a stay are separate discretionary issues under Rule 41(d), and there is nothing in the text of the rule that requires the Court to issue a stay upon an award of costs." *Lombardo v. R.L. Young, Inc.*, 2018 WL 6727356, at *3 (D. Conn. Dec. 21, 2018).

"[D]istrict courts may award attorneys' fees as part of costs under Rule 41(d)." *Horowitz*, 888 F.3d at 24. Courts in this Circuit have often restricted the award of costs to "'compensation for work done in the first action that cannot be used in a second existing or contemplated action.'" *Pelczar v. Pelczar*, 2017 WL 3105855, at *2 (E.D.N.Y. July 20, 2017) (quoting *Hintergerger v. Catholic Health Sys.*, 2012 WL 1965435, at *1 (W.D.N.Y. May 31, 2012)); *Adams*, 630 F. Supp. 2d at 343-44 ("Payment of fees upon dismissal without prejudice must be limited to compensation for work that cannot be used in a second contemplated action, and the amount of fees awarded must be supported by evidence in the record.") (internal quotation marks and alterations omitted). "An award of costs under Rule 41(d) is discretionary with the court." *Loubier*, 178 F.R.D. at 22 (D. Conn. 1998) (citation omitted).

### III. DISCUSSION

### A. Whether Plaintiffs have run afoul of Rule 41(d)

As an initial matter, it is clear that Plaintiffs have filed an action "based on or including the same claim against the same defendant" as an action previously dismissed by Plaintiffs. Rule 41(d). The present case includes the same causes of action against the same defendant arising from the same underlying events (GEICO's alleged failure to reimburse Plaintiffs for the loss of their 2013 Honda Accord due to theft) as the State Court Action. The mere addition of class action allegations and allegations that GEICO's conduct constituted a general business practice does not remove the Plaintiffs' conduct from the ambit of Rule 41(d).

Plaintiffs nonetheless argue that the Court should not grant GEICO's Rule 41(d) motion because the basis for federal court jurisdiction did not become evident until the deposition of a GEICO representative on May 16, 2019. ECF No. 33 at 2. Prior to that deposition, during which Plaintiffs indicate they learned that GEICO had a policy and practice of denying claims for automobile fire and theft without providing a specific factual, legal, or policy language basis for the denial, Plaintiffs did not believe that their claims met the $75,000 amount in controversy requirement for invoking this Court's diversity jurisdiction. *Id.* Moreover, Plaintiffs indicate that this same information also provided a basis for a class action, which they deemed to be best suited to be heard by a jury, whereas Plaintiffs had previously waived their right to a jury trial in the State Court Action. *Id.*

Plaintiffs' argument is unavailing. Plaintiffs' reasons for proceeding as they did were unambiguously and transparently tactical; they believed that the newly available federal forum would prove more advantageous to their interests. At oral argument, Plaintiffs' counsel admitted as much, indicating that he had believed that his clients would have a better chance of recovery in federal court and that re-filing was thus the best strategy. Plaintiffs were, in other words,

4

forum shopping—precisely the conduct that Rule 41(d) is designed to deter. *See Horowitz*, 888 F.3d at 25 ("Rule 41(d)'s purpose is clear and undisputed: to serve as a deterrent to forum shopping and vexatious litigation."). Plaintiffs argue that there was no "improper" forum shopping in this case; but it is unclear what makes Plaintiffs' forum shopping here of the "proper" variety—or, indeed, whether such an animal exists for the purposes of Rule 41(d). Of note, Plaintiffs are both citizens of Connecticut, while Geico is a citizen of Maryland and the District of Columbia. While an in-state plaintiff may still invoke this Court's diversity jurisdiction, Plaintiffs could not plausibly claim they would be prejudiced by having their Connecticut state law claims heard in a Connecticut court. Nor could Plaintiffs argue that this Court is more experienced in applying the substantive law at issue in the case. In short, if Plaintiffs wished to represent a class, their recourse was to pursue a motion to amend in the State Court Action, rather than to withdraw the State Court Action on the eve of trial—and a year and a half after the commencement of the suit—and file this nearly identical action five days later.[1]

**B.    GEICO's Entitlement to Costs**

Courts often limit awards of costs under Rule 41(d) to "'compensation for work done in the first action that cannot be used in a second existing or contemplated action.'" *Pelczar v. Pelczar*, 2017 WL 3105855, at *2 (E.D.N.Y. July 20, 2017) (quoting *Hintergerger v. Catholic Health Sys.*, 2012 WL 1965435, at *1 (W.D.N.Y. May 31, 2012)). GEICO argues that such work includes (1) responding to Plaintiffs' complaints, (2) settlement discussions, (3) trial preparation work, (4) status conferences, (5) discovery disputes and related work, and (6) half of the work related to taking depositions and working with experts. ECF No. 27 at 2-3.

---

[1] Plaintiffs did in fact file a request to amend their complaint on May 17, 2019, ECF No. 17-3 at 3, but rather than pursue that motion and wait for a ruling by the state court, Plaintiffs chose to withdraw their action and re-file in this Court.

5

GEICO's costs incurred in responding to Plaintiffs' multiple complaints in the State Court Action are largely wasted, as GEICO's new counsel must replicate those efforts in responding to Plaintiffs' complaint in the present case. Indeed, GEICO has already filed a new motion to dismiss in this case, incurring new costs in an effort to defeat the complaint. *See* ECF No. 17.

Similarly, GEICO's participation in settlement discussions in the State Court Action does not appear to have produced any work product that will be useful to GEICO in defending the present suit. Whether these discussions "would have occurred anyway," as Plaintiffs argue, ECF No. 33, is not the relevant inquiry. While it is possible that these previous settlement negotiations will aid any settlement negotiations the parties undertake in the present case, and thus reduce their cost, any such utility is speculative.

Similarly, GEICO's preparation for and attendance at status conferences in the State Court Action are of no benefit to GEICO in the present action. This is so notwithstanding the fact that some of these conferences may have involved settlement discussions, for the reasons discussed above.

GEICO's work preparing for trial, including drafting a trial management report and attending a pre-trial conference, is also not useful here. That work was done in June 2019, approximately one year ago, and any trial in this case is unlikely to occur until sometime in 2021. While it is possible that some portions of the trial management report will be useful to GEICO in drafting a joint trial memorandum in this case, any such utility is speculative, and may not, on balance, result in any cost savings. This conclusion is, again, unaffected by Plaintiffs' representations that much of the pretrial conference was dedicating to discussing possible settlement, for the reasons stated above.

6

GEICO's costs associated with discovery, on the other hand, have produced tangible work product that will be useful in the present case. GEICO argues that its costs associated with the resolution of discovery disputes will not be useful, given that any resulting orders are not binding on the parties with respect to this case. But the resolution of those disputes was a necessary part of the process of generating the discovery. And while it is true that Plaintiffs may seek to relitigate some of the same discovery disputes previously adjudicated in the State Court Action, that proposition is speculative, and this Court will certainly take account of the State Court's previous adjudication in deciding any such disputes. In general, discovery done in the State Court Action should have yielded information about the case that will help GEICO defend this action, and the associated work by GEICO's counsel was thus not wasted effort. Even if some minor amount of work related to discovery must be replicated, I do not find this circumstance to justify awarding further costs to GEICO.

In sum, I award the following costs to GEICO under Rule 41(d): (1) $1,407.50 for responding to Plaintiffs' complaints,[2] (2) $285 for participation in settlement discussions, (3) $1,221 for trial preparation, and (4) $375 for status conferences, for a total of $3,288.50.[3] ECF No. 27-1 ¶ 12.

---

[2] GEICO claims costs related to responding to Plaintiffs' complaints of $1,452.50, but this figure includes some time spent reviewing the summons and complaint in the present case. *See* ECF No. 27-3 at 18. As Rule 41(d) contemplates awarding costs of the "previous action," and the costs associated with reviewing the complaint in this case pertain to the present action, I have deducted these costs (0.30 hours at $150 per hour).

[3] Based on the Court's familiarity with fee awards in this District and the rates charged in this District by attorneys with similar experience, Geico's state-court counsel's rates—$150 and $125 per hour—are reasonable. Courts in this District have approved rates significantly higher than these. *See, e.g., Alexis v. PMM Enterprises LLC*, 2018 WL 5456491, at *7 (D. Conn. Oct. 29, 2018) (finding a rate of $400 per hour for an attorney to be reasonable); *Heyward v. PRA Recovery, Inc.*, 2011 WL 3134985, at *4 (D. Conn. May 13, 2011) (finding a rate of $350 per hour to be reasonable).

## IV.      CONCLUSION

For the foregoing reasons, GEICO's motion for costs under Rule 41(d) is GRANTED, and Plaintiffs are directed to pay GEICO costs of $3,288.50.  This case is STAYED until Plaintiffs have done so.[4]  GEICO's motion to dismiss is DENIED without prejudice to renewal upon Plaintiffs' payment of costs.  Within **7 days** of this ruling, Plaintiff's counsel shall provide a copy of this ruling to his clients and file a declaration indicating that he has done so.

IT IS SO ORDERED.

                                                                                      /s/
                                                                    Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                June 24, 2020

---

[4] Urging me not to stay the case, Plaintiffs include a cursory statement at the end of their brief that "they are of limited means and likely will be unable to pay the costs to pursue their valid claims." (ECF No. 33. at 4.) The brief was submitted by Plaintiffs' counsel, who has submitted no affidavits, tax returns, or other evidence from his clients to support the claim of "limited means."  Further, given Plaintiffs' counsel's admission during oral argument that he failed to read Rule 41(d) or to discuss it with his clients before filing the federal action on their behalf, I leave it to him to consider whether he personally should pay some or all of the costs ordered in this ruling.  In any event, I have included an order requiring him to provide a copy of this ruling to his clients and to file a declaration on the docket indicating that he has done so.